BOARD OF SUP'RS OF LOWNDES COUNTY v. ROBERTSON, Revenue Agent.*

(Division A. March 30, 1925.)

[103 So. 435.   No. 24797.]

HIGHWAYS. *Tax collector's commissions on road district maintenance funds not among those to be paid into general county treasury, but properly paid to credit of road district maintenance fund.*

Under Laws 1920, chapter 122, Sections 19, 27, in view of express exceptions, tax collector's commissions on road district maintenance funds *held* not among commissions directed to be paid into general county treasury, but properly paid as part of whole sum collected to credit of road district maintenance fund.

---

*Headnote 1. Highways, 29 C. J., Section 500.

APPEAL from chancery court of Lowndes county.
HON. JNO. D. GREENE, Chancellor.
Action by Stokes V. Robertson, Revenue Agent, against the board of supervisors of Lowndes county. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Lincoln & Lincoln,* for appellant.

The books of the sheriff and tax collector's office, and of the chancery clerk's office show, that by the reports of the sheriff and tax collector, he collected from the different road districts of Lowndes county, from the passage of the Act of the legislature of March 19, 1920, to December 1, 1922, taxes amounting to two hundred nine-

teen thousand four hundred sixteen dollars and fifty-nine cents including the twenty-five thousand four hundred eighty-four dollars and ninety-five cents collected from the second supervisors' district road and maintenance fund, and on which the tax collector's commissions were three per cent, amounting to six thousand five hundred eighty-two dollars and forty-nine cents his commissions on that collected from the second supervisors' district road and maintenance fund, included in above, was seven hundred sixty-four dollars and fifty-five cents. Sections 19, 27 and 29 of chapter 122, Acts of 1920 govern. See also section 1, chapter 113, Acts of 1920.

The whole amount of taxes collected by the tax collector from the different road districts including the second supervisor's road and maintenance fund during the time between February, 1920, and December 1, 1922, was paid by him into the county treasury without deducting or keeping any account of the commissions on said collections, and no money has been improperly withheld from any road district or other district or from the county. The tax collector complied with the law when he paid the gross amount of taxes collected by him for road purposes into the county treasury, without keeping any account of the commissions on said collections as per section 27.

The board of supervisors obeyed and complied with the law in paying the salaries of officers and deputies out of the general county fund as per section 29. Not one dollar road district funds, or of any other district is out of the county treasury and improperly withheld from it, that should be in it. No wrong has been done by the board of supervisors or any one, nor any intention of wrong by any one.

The action of the tax collector in not deducting his commissions, and the chancery clerk as auditor, in not seeing that the said commissions were deducted, if it is called an error on their part, showed as it were, that it was a correct open account on the books of the tax col-

lector and chancery clerk, and that thirty days' notice to correct said error should have been given, which notice was never given. Section 1, chapter 113, Acts 1920.

The law never intended or contemplated that the revenue agent could put his hand into the county treasury and take therefrom monies that have been legally paid into it. He is only entitled to fees where he collects money improperly withheld from the treasury, and none has been improperly withheld. To say that he is entitled to take therefrom about one thousand three hundred dollars, as a gift, not for collecting monies improperly withheld, and paying same into county treasury, but because the clerk and tax collector committed an error, if an error it be, in not deducting the commissions of the tax collector and placing them to the credit of the general county fund, when, under the law, he was not required to keep any account of the commissions (section 27, chapter 122, Acts 1920), would be not only a miscarriage of justice, but would be great injustice and work a hardship on the taxpayers of Lowndes county.

We respectfully submit that the revenue agent had no right or authority of the law for his action, and that the judgment of the court below should be reversed and judgment entered here for appellant.

*Thos. H. Johnston* and *H. R. Spight,* for appellee.

The appellee, Stokes V. Robertson, State Revenue Agent, while he was in office, and in the discharge of his duties as such revenue agent, discovered that the then sheriff and tax collector of said county, in collecting the taxes for the years 1919, 1920, 1921 and 1922 due the second supervisors' district road and maintenance fund, and a number of other taxing districts for said years, had paid the full amount of the taxes so collected by him into the county depository to the credit of said fund, the appellant herein, and the taxes collected specially for the other taxing districts into the county depository to the credit of the respective funds for which they were

collected, without having deducted therefrom the three per cent commission allowed him by law for making such collection; and in failing to make such deduction of commissions and paying such commissions into the county depository to the credit of the general county fund, these taxing districts became and were liable to the general county fund for the amount of such commissions.

Appellant also intimates that in this case the state revenue agent would have no right to sue because he had not given the, "thirty days' notice," required by law when a suit is brought against a delinquent officer, where his delinquency appears by correct open account on the books of the proper accounting officer. But in this case suit is not brought against any officer. The sheriff and tax collector in this case, as we contend, simply misconceived the law and paid the gross amount of his collection of these special taxes into the county depository to the credit of these taxing districts, without having deducted therefrom the three per cent commission allowed by law for making such collections and without having paid the same into the depository to the credit of the "general county," or common county fund, out of which his salary was paid. If suit had been brought against the tax collector and a recovery had against him, he of course would have had recourse against the several taxing districts, and two suits would have been necessary instead of one as in this case.

The suit in this case is for money withheld from the county, or rather the common county fund, by these several taxing districts, and under the authority of section 7056, Hemingway's Code, appellee had the right to sue for the county to recover this money for the county, as that statute provides that the state revenue agent is authorized to bring suit "to recover money due any county, etc., by any person, corporation, or association of persons, etc.". He had the authority to represent the county at large against any of its sub-divisions, as these taxing districts are under the law bodies politic, etc. See also chapter 113, Laws of 1920.

In this case, the state revenue agent, as it was his duty to do, discovering that funds were being withheld from the general county fund, in which all the taxpayers in the county were directly interested, by a special taxing district where only a part of the taxpayers were interested, instituted this proceeding to collect for the 'majority. It will not do to say that it is in the "county treasury," for it is not, it is in the county depository, to the credit of a fund which is not entitled to it, and it is being withheld from the county.

McGOWEN, J., delivered the opinion of the court.

Suit upon open account filed by the revenue agent against the board of supervisors of Lowndes county district No. 2 maintenance. Suit brought for the use and benefit of the general county fund. This suit is for commissions collected by the sheriff from February, 1920, to December 1, 1922, No. 2 road district maintenance funds amounting to twenty-five thousand four hundred eighty-four dollars and ninety-five cents collected by the sheriff, and paid into the hands of the treasurer of the county to the credit of the second supervisors' district road and maintenance fund. The contention of the revenue agent being that the sheriff should have collected three per cent. commissions upon said road funds, and should have paid same into the treasury of the county. It appears that other cases have been filed in this county for like amounts as against other road districts. The revenue agent filed his account for the three per cent. commissions amounting to seven hundred sixty-four dollars and fifty-five cents with the board of supervisors, who dismissed his claim and the cause was appealed to the circuit court of that county, where the cause being submitted to the circuit judge was decided in favor of the revenue agent, and the board of supervisors appealed here.

A decision of this case involves only a construction of section 19, chapter 122, of the Laws of 1920, and section

27 of the same chapter. The portion of section 19 necessary to notice is as follows: "All fees and all commissions and other emoluments which the law now provides may be demanded, received and taken by the sheriff and tax collector, chancery clerk, and circuit clerk, shall be collected by each, respectively, but all said commissions, fees and emoluments shall hereafter be paid by the said officers, respectively into the county treasury," etc.

Section 27 of the same chapter is as follows: "In the collection of taxes, the gross amount of tax shall be collected and reported by the tax collector, and it shall not be necessary to keep any account of the commissions on the said collections, except on all state taxes, which commissions on said collections of state taxes now allowed by law, shall be paid into the county treasury. Except further on all levee taxes which commissions on said collections of said levee taxes allowed by law, shall be paid into the levee treasury except as otherwise provided in this act."

It is very clear from the examination of this section that its intent was to relieve the tax collector from keeping any account of commissions on his tax collections, except on all state taxes which were directed to be paid into the county treasury, and except further levee taxes, which were directed to be paid into the levee treasury. These exceptions exclude the idea that road district maintenance funds were also to be included in the commissions directed to be paid into the general county treasury, and we think that the legislature only intended to make two exceptions, and that the sheriff properly paid the money in gross into the credit of road district maintenance fund No. 2, and therefore that the revenue agent cannot maintain this suit against the board of supervisors; the money all being properly accounted for and having been placed to the credit at the proper time of the proper fund by the board of supervisors. Being of the opinion that the revenue agent was not entitled to recover these commissions for credit to the general

fund, this cause is reversed, and judgment is entered here for the appellant, the board of supervisors.

Reversed, and judgment here for appellant.

*Reversed.*